UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61140-RAR

**DEMETRIC KING**,

    Plaintiff,

v.

**UNITED PARCEL SERVICE,
INC. ("UPS")**,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Motion"), [ECF No. 12], filed on October 11, 2022.[1] Having considered Defendant's Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 12], is **GRANTED IN PART** for the reasons stated herein.

## BACKGROUND

Plaintiff Demetric King is a black employee of Defendant United Parcel Service, Inc. ("UPS"). *See* First Am. Compl. ("Amended Complaint"), [ECF No. 11] ¶ 7. King began working for UPS in April 2014 and, until about October 2018, worked "in the dual capacities of Preload/Temporary Cover Driver." Am. Compl. ¶ 10. In September 2018, King's supervisor John Lieberman "began to denigrate [King] by referring to him as 'garbage can boy,'" a term he allegedly intended as a racial epithet. *See* Am. Compl. ¶¶ 11–12. Shortly after Lieberman began referring to King as "garbage can boy," King made complaints to Lieberman, UPS's human

---

[1] The Motion is fully briefed and ripe for adjudication. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss ("Response"), [ECF No. 13]; Def. United Parcel Service, Inc.'s Reply Brief in Supp. of Its Mot. to Dismiss ("Reply"), [ECF No. 14].

resources department, and an "[e]thics [h]otline" UPS maintains. Am. Compl. ¶¶ 13–14. Lieberman was undeterred, and despite the fact King "explained . . . why Lieberman's racially charged language was offensive," UPS did not take remedial action against Lieberman. *See id.* King was then "temporarily forced to leave the Temporary Cover Driver position" because Lieberman's actions created a hostile work environment. Am. Compl. ¶¶ 10, 15.

King filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on October 11, 2018, alleging he was discriminated against because of his race. Am. Compl. ¶ 5. King eventually received a Dismissal and Notice of Rights ("Right to Sue Letter") dated August 19, 2020, but he alleges he did not receive it until March 23, 2022. Am. Compl. ¶ 5.[2] King then filed suit on June 16, 2022.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all inferences in favor of the plaintiff. *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017). Although the court is required to accept all allegations contained in the complaint as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; (quoting *Twombly*, 550 U.S. at 555). Courts liberally construe complaints filed by *pro se* litigants. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). A court, however, may not "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

---

[2] While the Amended Complaint states King first received the Right to Sue Letter on March 29, 2022, King makes clear this is a scrivener's error. *See* Resp. at 4 n.1.

## **ANALYSIS**

**I.  Timeliness**

UPS argues this action is untimely because King's Right to Sue Letter was issued on August 19, 2020.  Mot. at 3–6.  While King will ultimately have to prove this action is timely, UPS's argument presents factual issues the Court cannot adjudicate on a motion to dismiss.  Title VII requires a plaintiff to file suit within ninety days after receiving notice of a right to sue letter.  *See* 42 U.S.C. § 2000e-5(f)(1).  This ninety day period generally begins to run after the plaintiff receives the right to sue letter, not when the letter is mailed.  *Norris v. Fla. Dep't of Health & Rehab. Servs.*, 730 F.2d 682, 683 (11th Cir. 1984).  Indeed, rather than analyze this ninety day rule rigidly, the Eleventh Circuit requires that courts determine the issue "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility without conditioning a claimant's right to sue on fortuitous circumstances or events beyond her control."  *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (alterations accepted) (quoting *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999)).

The Right to Sue Letter states it was issued on August 19, 2020.  *See* [ECF No. 12-1].[3] King, however, claims he and his former counsel first received it on March 23, 2022 after they filed a FOIA request with the EEOC.  *See* Resp. at 1–4; Am. Comp. ¶ 5.  UPS responds by claiming the Right to Sue Letter was nonetheless uploaded on the date it was issued to an online portal King's former counsel could access.  Reply at 3–5.  UPS also argues the letter was in fact mailed to King.  *Id.*  As evidenced by the fact the parties attach evidence to support their positions, these are factual disputes that are inappropriate to resolve at the motion to dismiss stage, and the Court

---

[3]  The Court may consider the Right to Sue Letter without converting the Motion into a motion for summary judgment because it is a document central to King's claim.  *See Giner v. AllStars Ins. Partners, Inc.*, No. 19-22434, 2019 WL 6130772, at *1 n.1 (S.D. Fla. Nov. 19, 2019).

will not convert the Motion into a motion for summary judgment and venture beyond the pleadings. *See Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531–32 (11th Cir. 1990) ("It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court."); *Vinson v. Fla. Dep't of Corr.*, No. 19-333, 2020 WL 12309502, at *2 (N.D. Fla. May 15, 2020) (denying motion to dismiss where the defendant "raise[d] a factual dispute as to when the 90-day window began"); *cf. Wells v. Brown*, 58 F.4th 1347, 1350 (11th Cir. 2023) (noting a court will only dismiss a complaint based on an affirmative defense that appears on the face of the complaint). Accordingly, the Motion is denied as to this ground and the Court does not reach the issue of equitable tolling.[4]

## II. Failure to State a Claim

UPS next argues that King has not sufficiently pled a hostile work environment claim. Mot. at 6–8. The Court agrees the Amended Complaint lacks sufficient factual support for this claim. A plaintiff asserting a hostile work environment claim under Title VII must demonstrate that (1) the plaintiff is a member of a protected group; (2) the plaintiff endured unwelcome harassment; (3) the harassment was based on the plaintiff's protected characteristic; (4) the harassment "was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment"; and (5) there is a basis for holding the employer responsible. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Courts must remain cognizant that Title VII does not operate as a "general civility code." *See Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 809 (11th Cir. 2010) (quoting

---

[4] UPS is correct that where a plaintiff cannot prove the date on which a right to sue letter was received there is a presumption it was received three days after mailing. *See, e.g.*, *Winsor v. Home Depot U.S.A, Inc.*, 743 F. App'x 335, 337 (11th Cir. 2018). But applying this presumption would be premature at the motion to dismiss stage since King's allegation about when he received the letter is taken as true. *See id.* (applying the three day presumption where the plaintiff "failed to allege in the complaint when he received the letter").

*Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). A workplace is only hostile where it is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citations and internal quotation marks omitted).

UPS argues King has not pled harassment that was sufficiently severe or pervasive.[5] This element contains both an objective and a subjective component. *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1249 (11th Cir. 2014). To satisfy the objective component, "the racial slurs allegedly spoken by co-workers had to be so 'commonplace, overt and denigrating that they created an atmosphere charged with racial hostility.'" *See Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1521 (11th Cir. 1995) (quoting *EEOC v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068 (11th Cir. 1990)). Courts consider the frequency and severity of the conduct, whether the conduct was "physically threatening or humiliating, or a mere offensive utterance," and whether the conduct unreasonably interfered with an employee's work performance to determine whether a workplace was hostile. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 647 (11th Cir. 1997) (quoting *Harris*, 510 U.S. at 23).

The Amended Complaint does not contain sufficient factual support to infer the requisite severity or pervasiveness. Because King alleges he had to leave one of his positions, the Court will assume the comments interfered with King's work performance to some degree. The remaining factors, however, make clear the alleged conduct was neither severe nor pervasive.

---

[5] In passing, UPS also appears to argue King has not sufficiently pled there is a basis for holding UPS liable. Mot. at 7. UPS has cited no authority and therefore not adequately presented this argument. *Cf. Christmas v. Harris Cnty., Ga.*, 51 F.4th 1348, 1354 n.4 (11th Cir. 2022) (noting that a party must make more than a passing reference to an issue in a brief). If UPS had made this argument, the Court would reject it. King alleges Lieberman is his supervisor, and "[a]n employer is vicariously liable to an employee for a hostile work environment created by a supervisor." *Swindle v. Jefferson Cnty. Comm'n*, 593 F. App'x 919, 923 (11th Cir. 2014). The Court is satisfied King has pled this basis for liability, particularly given his allegation he reported the conduct and UPS never took corrective action.

While the Amended Complaint alleges Lieberman's conduct began in September of 2018, it is devoid of any allegations as to how frequent the comments were. And while King alleges the term "garbage can boy" was racially derogatory, courts have held more offensive remarks insufficiently severe. *See, e.g.*, *Alhallaq v. Radha Soami Trading, LLC*, 484 F. App'x 293, 296 (11th Cir. 2012) (affirming dismissal of a claim where the plaintiff was called "dirty" and told that she should "go to Hell" and "burn in Hell"); *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1340 (S.D. Fla. 2014) (dismissing claim where plaintiff was subjected to three racial slurs). Finally, there is no allegation that the conduct was physically threatening. Therefore, King has failed to allege a plausible hostile work environment claim. The Court will afford King one opportunity to amend his complaint. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (stating a court should afford *pro se* plaintiffs an opportunity to amend when a "more carefully drafted complaint might state a claim" (citation omitted)).

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 12], is **GRANTED IN PART**. The Amended Complaint, [ECF No. 11], is **DISMISSED** *without prejudice* **with leave to amend**. Plaintiff shall file a Second Amended Complaint on or before **May 8, 2023**. Failure to file a Second Amended Complaint on or before **May 8, 2023**, will result in the dismissal of this action without further notice. *See* FED. R. CIV. P. 41 (stating a court may dismiss an action when a plaintiff fails to prosecute the case or comply with a court order)

**DONE AND ORDERED** in Miami, Florida, this 6th day of April, 2023.

                                        **RODOLFO A. RUIZ II**
                                        **UNITED STATES DISTRICT JUDGE**